ROBT. RUTHERFORD'S HEIRS *v.* FRANCIS CLARK'S HEIRS.

**Executors and Administrators—Sale of Land.**

An administrator with the will annexed held authorized under the circumstances to sell the land in controversy.

APPEAL FROM LINCOLN CIRCUIT COURT.

January 15, 1873.

OPINION BY JUDGE PETERS:

When this case was here on a former appeal, it was said in the opinion then delivered by this court that the question of an indebtedness on the part of appellants, authorizing the sale and conveyance in 1847, seems to have been comparatively overlooked or neglected, and possible injustice may have been done to innocent occupants, who were not parties. We have concluded, at the urgent appeal of counsel, to exercise a liberal discretion and give leave on the return of the cause to take, without available delay, testimony on that subject, if either party may choose to do so. 4 Bush 27.

By an examination of that opinion it will also be seen that, from the evidence in the cause, the consideration paid for the land seemed

to be very inadequate, which contributed in no inconsiderable degree to the revarsal of the judgment then complained of; but after the return of the cause to the court below quite a number of depositions have been taken directly on that point.   And without entering upon an analysis of that evidence, we remark it has greatly lessened, if not entirely removed, that objection.

But the main question in the case, and that which must decide the fate of this litigation, is whether there was "an indebtedness" authorizing the sale and conveyance in 1847.

After the return of the cause additional evidence was taken under leave of the circuit court as to the indebtedness of appellants, or the estate of their testator, to the representatives of Morrow, the executor, and on final hearing with the additional testimony in, the petitions of appellants were dismissed, and from that judgment they have appealed.

In order to present a connected and comprehensive view of the matters involved it is necessary to refer to some of the facts stated in the former opinion of this court.

From a settlement made by Morrow of his executorial accounts in 1814, it appears that the estate of his testator, Rutherford, was indebted to him in the sum of $5,377.22. No exceptions seem to have been taken to the report of that settlement; hence it may be assumed that it was acquiesced in by all parties.   No other settlement was made till October, 1819; then a second one was made, and by it the estate of the testator was reported to be indebted to Morrow in the sum of $9,008.90.   In 1822 commissioners were appointed to review the settlement of the accounts of Morrow, who approved the settlement of 1819 by a report made in February, 1822, and on the 27th of March, 1823, the administrators of Morrow returned the approved settlement to the proper court, which was confirmed by the court and ordered to record.   Morrow having died in 1820, Robert Worthington and John T. Cooper were appointed and qualified as administrators with the will annexed of Robert Rutherford, deceased, and continued to act in that capacity until March, 1833, when on their failure to give to their surety in their administration bond counter-security on a rule against them for that purpose, they were removed; and in April following W. C. Worthington was appointed by the county court of Jefferson, Va., their successor, and in 1836 Lot Pittman, as his attorney in fact, contracted to sell the

land to Clark & Bright. Of Worthington's subsequent appointment in Kentucky, and his confirmation of the contract of his agent, and conveyance of the land to the vendees in 1847, a history is given in the former opinion.

It may be remarked that the representatives of Rutherford and Morrow, or the greater part of them, lived in Virginia, were well known to each other, as must be presumed from the facts appearing in this record, and could not have been strangers to the conditions of the estates they were respectively interested in, and the transactions connected therewith. The returned settlements, when approved, were adjudications of an indebtedness on the part of Rutherford, spread on the public records, to be sent and read by all who would take the trouble to examine them.

From the evidence of Geo. W. Chase, recorder of the county of Jefferson, Virginia, it appears that the settlement before referred to, showing a balance of $9,008.90 in favor of Morrow as executor, was upon the records of his office, and upon examination he found no exceptions taken to said settlement, a copy of which he filed with his deposition.

Redenow, the administrator of Wm. C. Worthington, proves that during the time he has been acting as such administrator, he had heard from the parties connected with the estates of Rutherford and Morrow, that there was a large balance due from the estate of Rutherford to that of Morrow, the heirs of Morrow always claiming a large balance from Rutherford's estate; and he had no recollection of ever having heard any of the heirs of Rutherford deny such indebtedness, unless it may be that Jas. L. Ranson, whose wife was an heir, may have done so "in a general way." And Sarah Hawks, who was a daughter of Robert Worthington and sister of Wm. C. Worthington, who were successively administrators of Rutherford, proved that they claimed a large indebtedness of the estate of Morrow from Rutherford's estate.

It appears from the opinion of the court below that appellants orally excepted to these last depositions and that the same were overruled and appellants excepted to that ruling of the court.

Sec. 650, Civil Code, provides that exceptions to depositions shall be in writing, specifying the grounds of objection filed with the papers of the case, and noted on the record. The oral exceptions as expressed by the court were therefore properly disregarded, the written exceptions having been withdrawn.

The parties interested in the estates of Morrow and Worthington were related; the reputed or ascertained indebtedness of the one to the other was a frequent subject of conversation between them. The claim was the subject of discussion in the suit of Brown v. Appellees on his bond for 1,000 acres of the land conveyed by Wm. C. Worthington to the latter. The claim of this indebtedness was frequently brought to the knowledge of appellants, and yet no effort was made by them through a long course of years to disprove it, nor does it seem to have been scarcely called in question.

Under these circumstances we can not judicially determine that the administrator with the will annexed was not authorized to make the sale and conveyance to Clark & Bright.

Wherefore the judgment is *affirmed*.

*Van Winkle, Lindsey, for appellants.*

*James, Durham, F. T. Fox, for appellees.*